IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GABRIELA RÍOS-DASILVA, et al.,

      Plaintiffs,

      v.

ONE INC. et al.,

      Defendant.

CIVIL NO.: 12-1286 (DRD)

**REPORT AND RECOMMENDATION**

**I.    PROCEDURAL HISTORY**

On January 10, 2013, Gabriela Ríos-DaSilva ("Ríos-DaSilva") and Elizabeth DaSilva-Cuña ("DaSilva-Cuña") (collectively "plaintiffs") filed an amended complaint against One Inc. d/b/a The Wings Family Restaurant and Grill ("One Inc.) and José Amid Rodríguez ("Rodríguez") (collectively "defendants"), alleging claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000(e), *et seq.* and the Title VII Anti-retaliation provisions, and numerous local statues, including Law No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, § 146, et seq. ("Law 100"), Law No. 69 of July 6, 1985, P.R. Laws Ann. tit. 29, § 1321, et seq. ("Law 69"), Law No. 17 of April 22, 1988, P.R. Laws Ann. tit. 29, § 155, et seq. ("Law 17"), the Puerto Rico Anti-Retaliation Act, P.R. Laws Ann. tit. 31, § 5141 ("Article 1802"), the Puerto Rico Bill of Rights and Article II, § 1 of the Constitution of Puerto Rico. ECF No. 17. On January 30, 2013 defendants filed a motion to dismiss all claims in the amended complaint. ECF No. 18. The court entered an amended opinion and order on October 7, 2013, dismissing plaintiffs' Title VII retaliation claim, but denying defendants' request for dismissal of plaintiffs' Title VII causes of action for hostile work environment and constructive discharge, as well as their supplemental

claims under Puerto Rico law. ECF No. 23. On July 30, 2014 defendants moved for partial summary judgment, requesting that the court dismiss all remaining claims against co-defendant Rodríguez and all claims raised by co-plaintiff DaSilva-Cuña. ECF No. 43. Plaintiffs filed a response in opposition on August 5, 2014. ECF No. 46. For the reasons that follow, defendant's motion for summary judgment should be deemed moot in part and denied in part.

## II.  LEGAL STANDARD

The purpose of summary judgment "is to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Summary judgment is granted when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "'A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party. A fact is material if it has the potential of determining the outcome of the litigation.'" Farmers Ins. Exch. v. RNK, Inc., 632 F.3d 777, 782 (1st Cir. 2011) (quoting Rodríguez-Rivera-Martínez v. Federico Trilla Reg'l Hosp., 532 F.3d 28, 30 (1st Cir. 2008)).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant presents a properly focused motion "averring 'an absence of evidence to support the nonmoving party's case[,]' [t]he burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both 'genuine' and 'material.'" Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (quoting Garside v. Osco Drug., Inc., 895 F.2d 46, 48 (1st Cir. 1990)). For issues where the nonmoving party bears the ultimate burden of proof, that party cannot

merely "rely on the absence of competent evidence, but must affirmatively point to specific facts" in the record "that demonstrate the existence of an authentic dispute." McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995). The plaintiff need not, however, "rely on *uncontradicted* evidence . . . . So long as the plaintiff's evidence is both cognizable and sufficiently strong to support a verdict in her favor, the factfinder must be allowed to determine which version of the facts is most compelling." Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004) (emphasis in original).

### III.    LEGAL ANALYSIS[1]

#### A. Title VII Individual Liability

As the First Circuit Court of Appeals held in Fantini v. Salem State College, "[t]here is no individual employee liability under Title VII." 557 F.3d 22, 31 (1st Cir. 2009). Defendants' first argument is that since Title VII does not permit claims against defendants in their individual capacity, and Rodríguez has not been sued in his official capacity, all Title VII claims against Rodríguez should be dismissed. ECF No. 43, at 6-7. In their response in opposition, plaintiffs clarify that they have not sued Rodríguez pursuant to Title VII in the amended complaint, stating that "there is no Title VII claim before the Court against Rodríguez, but claims under local law." ECF No. 46, at 2. The relevant portion of the amended complaint states: "Defendant Jose Amid Rodríguez . . . is being sued to respond for his own illegal actions perpetrated against Gabriela, he is liable under the local laws invoked in this action." ECF No. 17, ¶ 6. A plain reading of the amended complaint supports plaintiffs' contention that there is no Title VII cause of action

---

[1] Although the parties have presented statements of uncontested facts (ECF Nos. 44; 47; 48), a summary of the same has not been included in this report as it would not be material to the analysis of defendant's motion for partial summary judgment.

against Rodríguez; hence, defendants seek to dismiss what does not exist, making this controversy moot. To the extent, if at all, that the complaint should be deemed ambiguous—which it is not—as to whether plaintiffs raise claims pursuant to Title VII against Rodríguez, any such claims should be dismissed with prejudice.

### B. Supplemental Claims

Defendants' second argument is that the court should decline to exercise supplemental jurisdiction over the local law claims against Rodríguez and brought by DaSilva-Cuña, in view that Rodríguez has no federal causes of action pending against him and DaSilva-Cuña has alleged no federal causes of action. ECF No. 43, at 7. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). As explained in Irizarry-Santiago v. Essilor Indus., § 1367(a) applies to confer supplemental jurisdiction over state law claims against one defendant that share a common nucleus of operative fact with a federal claim against a co-defendant:

> The Court finds that exercising supplemental jurisdiction over the state law claims against defendant Deterre is appropriate because they arise from the same nucleus of operative fact as her Title VII and ADEA claims against defendant Essilor. . . . In the pleadings, plaintiff Irizarry based her Title VII and ADEA claims on the actions of her supervisor, defendant Deterre. . . . Plaintiff Irizarry based the grounds for her state law claims against Deterre on the same facts pleaded in her Title VII and ADEA complaint against defendant Essilor. Because plaintiff Irizarry's federal and state law claims are based on the actions of defendant Deterre, the Court finds that both claims are substantially related and arise out of the same set of operating facts.

Irizarry-Santiago v. Essilor Indus., 929 F. Supp. 2d 30, 34 (D.P.R. 2013) (denying motion to dismiss state law claims against co-defendant Deterre where the plaintiff had not brought a federal claim against him) (citing 28 U.S.C. § 1367(a)); see also Contreras Bordallo v. Banco Bilbao Vizcaya de Puerto Rico, 952 F. Supp. 72, 74 (D.P.R. 1997) (dismissing all federal claims against a particular co-defendant, but retaining supplemental jurisdiction over state law claims against him where the court retained original jurisdiction over other federal claims). Similarly, § 1367(a) confers supplemental jurisdiction over the state law claims of a plaintiff that are part of the same case or controversy as the federal claim of a co-plaintiff. See e.g., Jesús-Santos v. Morgan Stanley Dean Whitter, Inc., Civ. No. 05-1336 (DRD), 2006 WL 752997, at *1-3 (D.P.R. Mar. 22, 2006) (exercising supplemental jurisdiction over state law claims by two co-plaintiffs where the court possessed federal question jurisdiction over federal securities claims by two other co-plaintiffs where diversity of citizenship was lacking but the state claims were "so intimately related to the federal securities law claims that they form[ed] part of the same case or controversy or a common nucleus of operative facts.") (citing 28 U.S.C. § 1367(a)).

When claims constitute part of the same case or controversy pursuant to § 1367(a), "[u]nless a court can anchor its decision to decline supplemental jurisdiction in one of the four specific scenarios of § 1367(c), supplemental jurisdiction must be exercised." C. Alan Wright et al., Federal Practice & Procedure § 3567.3 (3d ed. 2014); see also Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 256 (1st Cir. 1996) ("A federal court exercising jurisdiction over an asserted federal-question claim must also exercise supplemental jurisdiction over asserted state-law claims that arise from the same common nucleus of operative fact.") (citing 28 U.S.C. § 1367(a)). In support of their request, defendants invoke 28 U.S.C. § 1367(c)(3), which states:

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." ECF No. 43, at 8. "Once all the underlying [federal] claims are dismissed, and § 1367(c)(3) is triggered, the court may look to the various 'animating values' from Gibbs— 'considerations of judicial economy, convenience, and fairness to litigants'—in determining how to proceed." C. Alan Wright et al., Federal Practice & Procedure § 3567.3 (3d ed. 2014) (citing United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966)).

      The court retains original jurisdiction of Ríos-DaSilva's Title VII causes of action for hostile work environment and constructive discharge against One Link, and thus § 1367(c)(3) has not been triggered. Assuming for argument's sake that the discretionary factors from Gibbs did apply, they weigh in favor of retaining supplemental jurisdiction of the local law claims in question. Most, if not all, of the claims in the complaint share a common nucleus of operative fact, namely how Rodríguez treated Ríos-DaSilva at One Link. Furthermore, dismissing the state law claims against Rodríguez, while retaining federal claims against One Link based on identical allegations, would indeed run contrary to principles of judicial economy. Requiring Ríos-DaSilva to refile the same claims in local court while this litigation has been pending since April 27, 2012 would be both inconvenient and inefficient. As to the claims filed by DaSilva-Cuña, Ríos-DaSilva's mother, they are derivative of Ríos-DaSilva's claims, such that judicial economy, convenience, and fairness all weigh in favor of litigating them together in the same forum. Because the local law claims against Rodríguez and filed by DaSilva-Cuña are substantially related to the federal causes of action over which the court retains original jurisdiction and the Gibbs factors weigh in favor of retaining supplemental jurisdiction, the court should deny

defendants' motion for summary judgment over those claims and retain supplemental jurisdiction.

### IV. CONCLUSION

For the foregoing reasons, it is hereby recommended that defendant's motion for summary judgment be **DEEMED MOOT IN PART** and **DENIED IN PART**, as follows. With respect to the Title VII claims against Rodríguez, in view that plaintiffs have unequivocally stated that the causes of action against him are only under Puerto Rico law, this portion of the pending dispositive motion's request ought to be found moot. Alternatively, to the extent that the complaint raises Title VII claims against Rodríguez, they should be dismissed with prejudice. However, all supplemental law claims against Rodríguez and One Link should survive. Pursuant to the order of referral, the parties have five (5) business days to file any objections to this report and recommendation. See ECF No. 51. Failure to file same within the specified time waives the right to object to this report and recommendation. Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(c)(1)(B); D.P.R. Civ. R. 72(d); see also 28 U.S.C. § 636(b)(1); Henley Drilling Co. v. McGee, 36 F.3d 143, 150–51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

IT IS SO RECOMMENDED.

In San Juan, Puerto Rico, this 4th day of February, 2015.

s/Marcos E. López<br>U.S. Magistrate Judge