IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

**RIOS DaSILVA, et. al.,**

**Plaintiffs**

**v.**                                                         CIVIL NO. 12-1286 (DRD)

**ONE, INC. et al.,**

**Defendants.**

**OPINION AND ORDER**

This case concerns a female employee's Title VII claims of discrimination based on gender, sexual harassment, and constructive discharge against her prior employer; her individual liability claims against the person responsible for the alleged illegal conduct perpetrated against her under various local laws; and, the employee's mother's derivative personal damages claims pursuant to state laws. The current issue before the court does not turn on the merits of these claims, but whether the court shall exercise its supplemental jurisdiction over the state law claims arising under the complaint.

**I.   Relevant Procedural Background**

Gabriela Ríos-DaSilva ("Ríos-DaSilva") and her mother Elizabeth DaSilva-Cuña ("DaSilva-Cuña") (collectively "Plaintiffs") filed an amended complaint against One, Inc. d/b/a The Wings Family Restaurant and Grill ("One, Inc.") and José Amid Rodríguez ("Rodríguez") (collectively "Defendants"), alleging that Ríos-DaSilva was subjected to employment gender-based discrimination, a hostile work environment in the form of sexual harassment, retaliation,[1] and a

---

[1] Defendants filed a Motion to Dismiss all claims set forth in Plaintiffs' Amended Complaint. (Docket No. 18.) After carefully reviewing the parties' contentions, the court dismissed Plaintiffs' retaliation claims because they failed to establish a *prima facie* case of retaliation by failing to set forth sufficient allegations in the

**Civil No. 12-1286 (DRD)**

constructive discharge under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, ("Title VII"), and numerous local statutes, namely Act No. 100 of June 30, 1959, P.R. LAWS ANN. tit. 29, § 146, *et seq.* ("Law 100"), Act No. 69 of July 6, 1985, P.R. LAWS ANN. tit. 29, § 1321, *et seq.* ("Law 69"), Act No. 17 of April 22, 1988, P.R. LAWS ANN. tit. 29, § 155 et seq. ("Law 17"), the Puerto Rico Bill of Rights and Article II § 1 of the Constitution of the Commonwealth of Puerto Rico. (Docket No. 17.) Plaintiffs further bring claims for personal damages pursuant to Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5141 ("Article 1802"), and Article 1803 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31, § 5142. The court's jurisdiction is premised on federal question based upon the Title VII claims.

After various filings, Defendants submitted a Motion for Partial Summary Judgment and accompanying statement of material facts asserting that they are entitled to judgment as a matter of law on two grounds. (Docket Nos. 43 & 44.) First, Defendants request that the court dismiss all claims against co-defendant Rodríguez, co-owner and once president of One Inc., because Title VII does not allow for individual liability for sexual harassment, and, since no federal cause of action can be pled against Rodríguez, the court should not exercise supplemental jurisdiction over the state law claims brought against him. (Docket No. 43 6-7.) Defendants' second argument is similar in nature. They argue that the state law claims brought by co-plaintiff DaSilva-Cuña should be dismissed because she has no federal claims against Defendants upon which to ground them, and, as such, the court's exercise of supplemental jurisdiction is not warranted. (Id. at 7-8.)

---

complaint to show that a causal connection existed between her engagement in a protected activity (filing a sexual harassment complaint with One, Inc.) and the materially adverse employment action she was allegedly subjected to. The court, moreover, found that Plaintiffs also failed to establish a temporal proximity between the protected activity and the supposed retaliatory actions, which the court found were not apparent from the face of the complaint. (See Docket No. 23 at 18-20.) Nevertheless, the court denied Defendants' request to dismiss all other Title VII claims, as well as the supplemental jurisdiction causes of action under Puerto Rico law.

2

**Civil No. 12-1286 (DRD)**

Plaintiffs filed a Response in opposition and a statement of additional facts, arguing, in short, that Defendants' arguments fail as a matter of law. (Docket Nos. 46, 47 & 48.) Plaintiffs argue that they did not bring a Title VII claim against Rodríguez, and the only Title VII claim before the court is that against One Inc. They posit that all claims against Rodríguez are brought pursuant to state laws. Finally, they aver that all of the state law causes of action asserted in the complaint are valid and the court shall exercise supplemental jurisdiction as to them.

Pending before the court is Defendants' Motion for Partial Summary Judgment (the "motion") (Docket No. 43.) On January 13, 2015, this motion was referred to Magistrate Judge Marcos E. López ("Magistrate Judge") (Docket No. 51), who issued a Report and Recommendation on February 4, 2015. (Docket No. 53.) Therein, the Magistrate Judge recommended that Defendants' motion be deemed moot in part and denied in part. The Magistrate Judge analyzed both of Defendants' contentions and Plaintiffs' responses. As to the first argument urging the court to dismiss all claims against Rodríguez because there is no individual employee liability under Title VII, the Magistrate Judge found that a plain reading of the complaint supports Plaintiff's contentions that they did <u>not</u> bring a Title VII cause of action against co-defendant Rodríguez—only state law claims. (Docket No. 53 3-4.) Therefore, the Magistrate Judge concluded that Defendants are seeking to "dismiss what does not exist," turning this issue moot. In the alternative, and assuming that, if anything, the complaint is found to be ambiguous as to this issue, which it is not, any Title VII claims against Rodríguez should be dismissed with prejudice. <u>Id.</u> at 4.

With respect to Defendants' second argument in favor of dismissing all supplemental state law claims against Rodríguez and DaSilva-Cuña, the Magistrate Judge concluded that the court retains original subject-matter jurisdiction of Ríos-DaSilva's Title VII claims for hostile work

environment, sexual harassment and constructive discharge against One, Inc.; therefore, dismissal of the supplemental jurisdiction claims is not warranted. Id. The Magistrate Judge found that 28 U.S.C. § 1367(a) confers supplemental jurisdiction over the state law claims of a plaintiff which are part of the same case or controversy as the federal claim of a co-plaintiff and that, in this case, most, if not all, of the claims arising under the complaint share a common nucleus of operative facts, specifically, how Rodríguez treated Ríos-DaSilva in the workplace. As such, dismissing the state law claims against Rodríguez, while retaining federal claims against One, Inc. "would indeed run contrary to principles of judicial economy." Id. at 6. Finally, as to DaSilva-Cuña's personal claims, the Magistrate Judge concluded that they are derivative of the Ríos-DaSilva's claims, such that "judicial economy, convenience, and fairness all weigh in favor of litigating them together in the same forum." In sum, the Magistrate Judge concluded that all supplemental state law claims against Defendants should survive and the court should deny Defendants' motion in this respect. Id. at 7.

On February 9, 2015, Defendants filed their objections to the Report and Recommendation (Docket No. 54). They did not object to the Magistrate Judge's conclusion finding as moot their request to dismiss Rodríguez's Title VII claims. Id. at 2. Nevertheless, they objected to the Magistrate Judge's recommendation not to dismiss the pending state law claims against Rodríguez. Moreover, Defendants aver that the Magistrate Judge erred in recommending that the court deny their request to dismiss all supplemental jurisdiction claims against them. Id. at 3.

Plaintiffs briefly responded to Defendants' objections by stating that their prior filing and the Report and Recommendation are "quite clean" and that the law as to pendent parties to a federal question claim allows the joinder of Rodríguez, notwithstanding that the claims against him are only brought under state law. (Docket No. 55.)

**Civil No. 12-1286 (DRD)**

For the reasons set forth below, the Report and Recommendation issued by the Magistrate Judge is adopted *in toto*. Accordingly, Defendants' Motion for Partial Summary Judgment is hereby found to be **MOOT in part** and is **DENIED in part**.

### II.     Standard of Review

####         A.     Referral to a Magistrate Judge

The court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). See also Fed. R. Civ. P. 72(b); D.P.R. Civ. R. 72(a); Mathews v. Weber, 423 U.S. 261 (1976). An adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections to the recommendations made. Fed. R. Civ. P. 72(b). In pertinent part, 28 U.S.C. § 636(b)(1) provides that: "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge."

As noted, Defendants filed an objection to the Report and Recommendation as to all supplemental state law claims but did not object to the Magistrate Judge's conclusion to deem as moot[2] their arguments as to Rodríguez's Title VII claims. Therefore, the court reviews *de novo* those portions objected to by Defendants.

---

[2] "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." D.H.L. Assocs., Inc. v. O'Gorman, 199 F.3d 50, 54 (1st Cir.1999) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)) (internal quotation marks omitted). "Another way of putting this is that a[n] [issue] is moot when the court cannot give any 'effectual relief' to the potentially prevailing party." Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir.2004) (citing Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992)). See Am. Civil Liberties Union of Massachusetts v. U.S. Conference of Catholic Bishops, 705 F.3d 44, 52 (1st Cir. 2013).

5

**Civil No. 12-1286 (DRD)**

### B. Motion for Summary Judgment

Typically, "[s]ummary judgment is proper where 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c)." Richardson v. Friendly Ice Cream Corporation, 594 F.3d 69, 74 (1st Cir. 2010). See also Celotex Corp. v. Catrett, 477 U.S. 317, 324–325 (1986); Thompson v. Coca–Cola, Co., 522 F.3d 168, 175 (1st Cir. 2008); Rodríguez–Rivera, et al. v. Federico Trilla Regional Hospital of Carolina, et al., 532 F.3d 28, 30 (1st Cir. 2008). "The object of summary judgment is 'to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.'" Dávila v. Corporación de Puerto Rico Para La Difusión Pública, 498 F.3d 9, 12 (1st Cir. 2007), citing Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004) (quoting Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir.1992)). In Dávila, the United States Court of Appeals for the First Circuit held:

> For this purpose, an issue is genuine if a reasonable jury could resolve the point in favor of the nonmoving party. Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000). By like token, a fact is material if it has the potential to determine the outcome of the litigation. See Calvi v. Knox County, 470 F.3d 422, 426 (1st Cir. 2006). Where, as here, the nonmoving has the burden of proof and the evidence on one or more of the critical issues in the case "is . . . not significantly probative, summary judgment may be granted." Acosta, 386 F.3d at 8 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249–250 (1986)).

The court "must scrutinize the evidence in the light most agreeable to the nonmoving party, giving that party the benefit of any and all reasonable inferences." Noviello v. City of Boston, 398 F.3d 76, 84 (1st Cir. 2005), citing Cox v. Hainey, 391 F.3d 25, 27 (1st Cir. 2004). See also Richardson, 594 F.3d at 74. "[T]he nonmovant bears 'the burden of producing specific facts sufficient to deflect the swing of the summary judgment scythe.'" Noviello, 398 F.3d at 84, citing Mulvihill v. Top–Flite Golf Co., 335 F.3d 15, 19 (1st Cir. 2003). "Those facts, typically set forth

6

in affidavits, depositions, and the like, must have evidentiary value; as a rule, '[e]vidence that is inadmissible at trial, such as, inadmissible hearsay, may not be considered on summary judgment.'" Noviello, 398 F.3d at 84, citing Vázquez v. López–Rosario, 134 F.3d 28, 33 (1st Cir. 1998); accord Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990). "The evidence presented by the non-moving party may not be 'conclusory allegations, improbable inferences, [or] unsupported speculation.'" Torres–Negrón v. Merck & Company, Inc., et al., 488 F.3d at 39, citing Medina–Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990).

### III. Discussion

Before diving into the legal analysis, the court will note that, although both Defendants and Plaintiffs issued briefs statements of uncontested facts (Docket Nos. 44, 47 & 48), the court need not delve into these filings because a discussion of them is not determinative of, nor material to, the court's analysis of the Motion for Partial Summary Judgment. The questions presented forthwith to this court therein are purely legal. Likewise, the Magistrate Judge found that an inclusion of the parties' statements of uncontested facts was immaterial to its analysis of the Motion for Partial Summary Judgment. (Docket No. 53 at 3.) The court, however, notes that the parties agree that there is no dispute as to genuine issues of material fact that prevent the court from ruling on this motion. Defendants assert that a controversy indeed exists as to the critical facts upon which this case is grounded, namely, Rodríguez's alleged discriminatory and sexually harassing conduct, which Defendants deny. (Docket No. 43 at 2.) Despite this, Defendants concede that these factual controversies may be taken as true for purposes of the resolution of this motion. Thus, the parties, as well as the court, agree that these factual questions are an issue for another day.

**Civil No. 12-1286 (DRD)**

Relevant here is the fact that Ríos-DaSilva was hired to work part time as a bartender at One, Inc., a restaurant which was founded by Rodríguez, and that is jointly operated by him and his wife. (Docket Nos. 44-2; 48.) Rodríguez has no exact title, but he works nights and Ríos-DaSilva alleges that, throughout the time she worked at the restaurant, she was subjected to unwelcome sexual harassment by Rodríguez. (Docket Nos. 48; 17 at 2.) Having noted the above, the court turns to the merits of the motion at issue.

### A.  Title VII claim against co-defendant Rodríguez

Defendants aver that co-plaintiff Ríos-DaSilva's Title VII claims against Rodríguez must be dismissed with prejudice because Title VII does not provide for individual liability. (Docket No. 43 at 6-7.) Moreover, they argue that because Rodríguez is neither an owner nor Ríos-DaSilva's employer, and he is being sued in his individual and not his official capacity, a Title VII claim against him necessarily fails. Id.  For this reason, Defendants contend that with no viable federal claims against Rodríguez, the court should not exercise supplemental jurisdiction over the state law claims lodged against him. As such, all claims against him must be dismissed. Id. at 7.

Opposite to Defendants' contentions, Plaintiffs aver that "there is no Title VII claim before the Court against Rodríguez, but only claims under local laws," to wit, Puerto Rico Laws Nos. 100, 17, and 69  (Docket No. 46 at 2.) To that end, Plaintiffs refer the court to a relevant portion of the amended complaint, which states: "Defendant Jose Amid Rodríguez . . . is being sued to respond for his own illegal actions perpetrated against Gabriela, he is <u>liable as such under local laws invoked in this action</u>." (Docket No. 17, ¶ 6.)  (emphasis added.)  They correctly posit that Puerto Rico law expressly affords individual liability for sexual harassment claims. See <u>Vargas v. Fuller Brush Co. of P.R.</u>, 336 F. Supp.2d 134, 142 (D.P.R. 2004)

A plain reading of the amended complaint clearly supports Plaintiffs' averment that they did not sue (nor attempted to charge) Rodríguez for alleged violations under Title VII. It is well-

settled that individual liability does not exist under Title VII and Plaintiffs do not dispute that. See Fantini v. Salem State Coll., 557 F.3d 22, 31 (1st Cir. 2009) (expressly holding that "there is no individual employee liability under Title VII"; therefore, dismissing all Title VII claims against individual employee defendants.)  Plaintiffs are only suing Rodríguez in his individual capacity under the state laws mentioned in the complaint, which authorize individual liability to the person responsible for the illegal conduct, without any distinction. Vargas, 336 F. Supp.2d at 142. Because Rodríguez is only being sued pursuant to state laws, it is immaterial that he cannot be sued under Title VII.  The court echoes the Magistrate Judge's finding that "defendants seek to dismiss what does not exist, making this controversy moot." (Docket No. 53 at 4.)

To close up on the issue, the court notes that the Magistrate Judge found that "to the extent, if at all, that the complaint should be deemed ambiguous—which it is not—as to whether plaintiffs raise claims pursuant to Title VII against Rodríguez, any such claims should be dismissed with prejudice." (Docket No. 43 at 4.)  The court already found that the amended complaint is clear inasmuch as Plaintiffs are only asserting state law claims against Rodríguez for his purported illegal actions against Ríos-DaSilva.  With no Title VII claims brought against Rodríguez before this court and no objections by Defendants as to the findings made by the Magistrate Judge on this matter (Docket No. 54 at 2,) Defendants' request to dismiss the nonexistent Title VII claims against co-defendant Rodríguez is hereby deemed **MOOT**.

### B. Supplemental Claims against Rodríguez

In addition to Defendants' faulty argument in favor of dismissing the fictional Title VII claims against Rodríguez, Defendants also seek to dismiss all supplemental state law claims against him.  (Docket No. 43 at 6.)  Defendants move the court to abstain from exercising its supplemental jurisdiction as to all state law claims brought against Rodríguez on the grounds that there is no foundational federal action lodged toward him.  Id. at 7.

**Civil No. 12-1286 (DRD)**

Plaintiffs challenge Defendants' position by arguing that statutory construction and its ensuing case law, both local and federal, are quite clear in approving the existence of an actionable cause of action against the individual responsible, without any distinction, for sexual harassment in the workplace. (Docket No. 46 at 4.) Plaintiffs are correct. Different from Title VII, Puerto Rico Laws 100, 17 and 69 support individual liability. See e.g. Valentin-Almeyda v. Municipality Of Aguadilla, 447 F.3d 85, 101 (1st Cir. 2006) (holding that Law 17 expressly allows for individual liability, citing P.R. Laws Ann. tit. 29, §§ 155a, 155d, 155j); Huertas Gonzalez v. Univ. of P.R., 520 F.Supp.2d 304, 316 (D.P.R. 2007) (holding that Law 69 provides for individual liability); Vargas, 336 F. Supp.2d at 142 (holding that the Puerto Rico Supreme Court has expressly considered the question of supervisor liability under Law 100 and in Rosario Toledo v. Distribuidora Kikuet, Inc., 151 P.R. Dec. 634 (2000) held that different from the most popular interpretation of Title VII, Law 100, provides for the imposition of individual liability to any person responsible for the illegal conduct, without any distinction); Pacheco Bonilla v. Tooling & Stamping, Inc., 281 F. Supp.2d 336 at 339–340 (D.P.R. 2003); Matos Ortiz v. Com. of Puerto Rico, 103 F. Supp.2d 59, 64 (D.P.R. 2000) (making same observation as to Laws 17, 69 and 100, and concluding that "Law 17 and Law 69 are . . . to be interpreted *in pari materia* with Law 100"). In Vargas, the court further held that courts "must look to Law 100 by analogy to determine whether Law 17 and Law 69 support individual liability" and that "Law 17, Law 69, and Law 100 serve virtually identical purposes and outlaw virtually identical behaviors." Vargas, 336 F. Supp.2d at 142. Therefore, the court determined that Law 17 and 69 are merely amplifications of principles already contained in Law 100, which allows individual liability. Id.

Accordingly, Plaintiffs accurately contend that there are viable state law claims raised against Rodríguez and he may be found personally liable for his purported illegal actions.

**Civil No. 12-1286 (DRD)**

Whether the trier of fact finds merit in Ríos-DaSilva's claims pursuant to these state laws is not a question before the court, at this moment.  What Plaintiff makes clear is that the court must entertain these causes of action pursuant to supplementary jurisdiction.

Upon review, the Magistrate Judge concluded that 28 U.S.C. § 1367(a) applies "to confer supplemental jurisdiction over state law claims against one defendant that share a common nucleus of operative facts with a federal claim against a co-defendant" and also over "state law claims of a plaintiff that are part of the same case or controversy as the federal claim of a co-plaintiff."  (Docket No. 53 at 4-5.)  The Magistrate Judge also held that the court retains jurisdiction of Ríos-DaSilva's Title VII claims for hostile work environment and constructive discharge against One Inc., thus, neither of the four specific scenarios upon which the court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)[3] are present.  Id. at 5-6.  Finally, the Magistrate Judge found that, even assuming, *arguendo*, that section 1367(c) was triggered and the court must turn to the discretionary factors addressed in United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966)—considerations of judicial economy, convenience, and fairness to litigants,—they still weigh in favor of retaining jurisdiction of the state laws claims because "most, if not all, of the claims in the complaint share a common nucleus of operative fact, namely how Rodríguez treated Ríos-DaSilva at One Inc."  (Docket No. 53 at 6.)  Hence, it would run contrary to principles of judicial economy and efficiency to dismiss the state law claims against Rodríguez,

---

[3] 28 U.S.C. § 1367(c) states that the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

yet retain jurisdiction of the federal claims against co-defendant One Inc. when all the causes of action are based on identical allegations.  Id.

Defendants voiced their objections as to these findings and requested the court to decline its exercise of supplemental jurisdiction.  They quote section 1367(c)(3) to argue that when a court dismisses all claims over which it had original jurisdiction or when there is an "unfavorable disposition of a plaintiff's federal claims," then there is no federal claim to justify supplemental jurisdiction; thus, dismissal of the supplemental claims is appropriate.  See Rodríguez v. Doral Mortg. Corp., 57 F.3d 1168, 1176 (1st Cir. 1995).

It is crystal clear that the court has retained its original subject matter jurisdiction based on federal question over the Title VII claims against One Inc.  As a result, the court has supplemental jurisdiction over the claims against Rodríguez under section 1367(a), which states:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are <u>so related to claims in the action within such original jurisdiction that they form part of the same case or controversy</u> under Article III of the United States Constitution.

28 U.S.C. § 1367(a) (emphasis added); see Godin v. Schencks, 629 F.3d 79, 83 (1st Cir. 2010).

State and federal claims are part of the same "case or controversy" for the purposes of section 1367(a) if they "'derive from a <u>common nucleus of operative fact'</u> or 'are such that [they] . . . would ordinarily be expected to [be] tr[ied] . . . in one judicial proceeding.'" Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC, 730 F.3d 67, 72 (1st Cir. 2013) (emphasis ours); Penobscot Indian Nation v. Key Bank of Me., 112 F.3d 538, 564 (1st Cir.1997) (quoting Gibbs, 383 U.S. at 725).

The First Circuit, in Doral Mortg. Corp., summarized the rationale articulated by the Gibbs Court:

> The Gibbs Court instructed that pendent jurisdiction exists when 'the relationship between federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case.' Gibbs, 383 U.S. at 725. In particular, 'the state and federal claims must derive from a common nucleus of operative fact.' Id. Thus, 'if, considered without regard to their federal or state character, a plaintiff's claims are such that she would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole.' Id. (emphasis ours)

See Doral Mortg. Corp., 57 F.3d at 1176.

In addition, and, as stated in Alvarez-Torres v. Ryder Memorial, 308 F.Supp. 38, 40-41 (D.P.R. 2004):

> The issue framed under supplemental [party] jurisdiction is the following: "[B]ut suppose there is some additional party in the case against whom the state claim, but not the federal claim, runs. Could pendent or ancillary jurisdiction be used to support the state claim against that party even thought that party was not subject to the federal claim?" This is known as "pendent party jurisdiction." David D. Siegel, Practice Commentary, "The 1990 Adoption of § 1367, codifying "Supplemental" Jurisdiction, 28 U.S.C.A. 1367, West Publishing, 1993, p. 829-838.

See Estepar v. Metropolitano Hosp., Civ. No. 03-1538(DRD), 2006 WL 842924, at *4 (D.P.R. Mar. 27, 2006). [4]

Defendants do not dispute that the supplemental state law claims asserted against Rodríguez's are part of the same case or controversy or arise under the same set of operative facts. Instead, they argue that the court may decline to exercise supplemental jurisdiction on the basis of section 1367(c)(3), which enumerates circumstances in which the district courts "may decline to exercise supplemental jurisdiction" over a claim that would otherwise be a proper subject for

---

[4] For a full discussion of pendent party jurisdiction, see Alvarez-Torres v. Ryder Memorial, 308 F. Supp. 38, 40-42 (D.P.R. 2004). Herein, the Court explains the 1990 amendment to supplemental jurisdiction statute, recalling by legislation the cases of the Supreme Court of Finley v. United States, 490 U.S. 545 (1989), and Aldinger v. Howard, 427 U.S. 1 (1976). Further, pendent party jurisdiction only applies in cases filed under federal question jurisdiction, not diversity. See 28 U.S.C. § 1367 Commentary on 1988 Revision ("Pendent jurisdiction is mainly associated with the federal question jurisdiction, where the existence of a federal claim supports jurisdiction of a "pendent" state claim."). The instant case was filed under Title VII, so 28 U.S.C. § 1367 applies in full force.

**Civil No. 12-1286 (DRD)**

supplemental jurisdiction.  See 28 U.S.C. § 1367(c); Allstate Interiors, 730 F.3d at 73.  (Docket No. 43 at 8.)  After dismissing all claims conferring original jurisdiction, a district court may, in its discretion, decline to exercise supplemental jurisdiction over pendant state-law claims.  See 28 U.S.C.A. § 1367(c)(3); Redondo Constr. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011).  Whether a court should decline supplemental jurisdiction depends on a "pragmatic and case-specific evaluation of a variety of considerations," including "the interests of fairness, judicial economy, convenience, and comity."  Desjardins v. Willard, 777 F.3d 43, 45 (1st Cir. 2015).

First, although the factors listed in section 1367(c) ordinarily lead courts to dismiss pendent state claims, courts are not obligated to do so.  Allstate Interiors, 730 F.3d at 74.  "[T]his praxis is not compelled by a lack of judicial power" and "in an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding."  Doral Mortg. Corp., 57 F.3d at 1177.  Second, and perhaps more important, opposite to Defendants' arguments, there has <u>not</u> been in this case a dismissal of the federal foundational claims.  As such, the court shall not refrain from exercising supplemental jurisdiction over the state law claims asserted in the amended complaint as permitted under section 1367(c)—the factors established therein were never triggered in the case at bar because all the underlying federal claims remain.

While it is true that there is no independent federal jurisdiction cause of action against co-defendant Rodríguez, the court agrees with the Magistrate Judge that there is no doubt that all state law claims raised against Rodríguez "are so related to claims in the [present] action within such original jurisdiction that they form part of the same case and controversy." 28 U.S.C.A. § 1367(a). All state law actions are so intimately related to co-plaintiff Ríos-Dasilva's Title VII federal claims that they stem from "a common nucleus of operative facts," to wit, the alleged discrimination and sexual harassment that she suffered in her workplace by Rodríguez's hand.  Gibbs, 383 U.S. at

725. Further bolstering the court's conclusion is the fact that all of the state law causes of action asserted against Rodríguez seek to impose personal liability upon him for his purported illegal acts, which are directly linked to the federal claims against co-defendant One Inc.

Certainly, the court retains jurisdiction over the anchoring federal claims over which it has original jurisdiction.  Therefore, and in light of the substantial parity between co-plaintiff Ríos-DaSilva's federal claims and the state law claims asserted against Rodríguez, the court shall exercise supplemental jurisdiction over all state law claims brought against Rodríguez pursuant to 28 U.S.C. § 1367(a).  These claims should be tried in the same judicial proceeding.  Further, the interests of fairness, judicial economy, and convenience weigh in favor of so doing.  Hence, the court **DENIES** Defendants' request to dismiss the state law claims brought against Rodríguez.

### C.  DaSilva-Cuña's State Law Claims against Defendants

As to co-plaintiff DaSilva-Cuña's state law claims, Defendants argue that they should be dismissed because she did not assert any federal claims in the present action.  Defendants aver that her only allegation is that she has a personal damages claim pursuant to Article 1802 because of what happened to her daughter.  (Docket No. 43 at 7.)  Even assuming, for argument sake, that DaSilva-Cuña has a valid claim under state law, Defendants aver that the court should nevertheless decline to exercise supplemental jurisdiction over said claim because she did not assert any federal cause of action to ground her state law claims.  Id. at 8.  Basically, Defendants put forward the same arguments they set forth to justify the dismissal of Plaintiffs' state law claims against Rodríguez's.

Conversely, Plaintiffs retort that DaSilva-Cuña has a viable Article 1802 cause of action for her own personal suffering as a result of the alleged injuries caused to her daughter, co-plaintiff Ríos-DaSilva.  (Docket No. 46 at 6-7.)  Plaintiffs moreover argue that if they prove at trial that Ríos-DaSilva was subjected to the harassment claimed, her mother DaSilva-Cuña will be able to

recover for her own damages resulting thereof. Id. at 7. See Rojas-Hernández v. P.R. Elec. Power Auth., 95 F.2d 492 (1st Cir. 1991); Pagán Colón v. Walgreens of San Patricio, Inc., 697 F.3d 1 (1st Cir. 2012); SLG Pagán-Renta v. Walgreens, 2014 P.R. Dec. 20 (2014) (on the issue of certification, clarifying that Article 1802 provides a vehicle for family members to claim damages that are available to the employee who suffered the discrimination or harassment directly (as is the case under Laws 17, 69 and 100). Because DaSilva-Cuña's claims are so related to the cause of action which anchors the court's original jurisdiction, they form part of the same case or controversy, and, as such, Plaintiffs purport that supplementary jurisdiction follows. (Docket No. 46 at 8.)

The Magistrate Judge concluded that DaSilva-Cuña's claims are derivative of Ríos-DaSilva's causes of actions; therefore, judicial economy, convenience, and fairness weigh in favor of litigating their claims together in the same forum. (Docket No. 53 at 6.) As such, the Magistrate Judge found, same as with Rodríguez's claims, that DaSilva-Cuña's actions are "substantially related to the federal causes of action over which the court retains original jurisdiction and the Gibbs factors weigh in favor of retaining supplemental jurisdiction." Id. Ergo, the court should deny Defendants' Motion for Partial Summary Judgment seeking to dismiss all state law claims and retain supplemental jurisdiction.

Defendants object the Magistrate Judge's findings and counter that the Magistrate Judge erred in recommending that the court deny the request to dismiss the pendent jurisdiction claims because DaSilva-Cuña did not raise any federal claims against Defendants; so, an exercise of supplemental jurisdiction as to these claims is not justified . (Docket No. 54 at 2-3.)

Notably, this is essentially the same argument that Defendants raised in favor of dismissing the supplemental jurisdiction claims lodged against Rodríguez. Defendants do not dispute that

**Civil No. 12-1286 (DRD)**

DaSilva-Cuña may have a viable state law claim. All they do is urge the court to exercise its discretion and deny supplementary jurisdiction as to her personal state law claims because she did not advance any federal causes of action. The discussion and reasoning set forth above as to the court's exercise of supplementary jurisdiction for the state law claims against Rodríguez likewise applies here.

The court agrees entirely with the Magistrate Judge's findings that DaSilva-Cuña's claims are derivative of her daughters' discrimination, sexual harassment and constructive discharge claims. At the outset, DaSilva-Cuña's state law claims are so inextricably related to the claims lodged by her daughter—the Title VII claims that anchor the court's original jurisdiction—that all pendent state law claims from part of the same case or controversy. 28 U.S.C.A. § 1367(a). There is unquestionable relatedness between DaSilva-Cuña's local causes of action—whether she suffered personal damages as a result of the illegal conduct her daughter was allegedly subject to—and the federal claims asserted in the amended complaint. Clearly, they derive from the same nucleus of operative facts, specifically, whether her daughter was subjected to unwelcome sexual harassment in the workplace by her alleged supervisor Rodríguez. The facts relevant to DaSilva-Cuña's personal actions are entirely dependent on the facts relevant to Ríos-DaSilva's sexual harassment and constructive discharge claims. Moreover, all claims, federal and local, overlap in theory and chronology. See Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico, 144 F.3d 7, 13 (1st Cir. 1998).

As this a federal question case, there is an independent basis of federal jurisdiction and, same as the state law claims lodged against Rodríguez, DaSilva-Cuña's state law claims are so closely linked to the claims brought by co-plaintiff Ríos-DaSilva that the court shall exercise supplemental jurisdiction over them. Because all claims share a common issue, they should be

resolved in the same proceeding. Moreover, assuming the court should weigh the judicial-made Gibbs factors,  declining to exercise supplemental jurisdiction on these state law claims when the court retains original jurisdiction as to the closely-related federal claims runs contrary to considerations of judicial economy, convenience, and fairness to litigants.

Further bolstering the court's conclusion, "pendent party jurisdiction" may be exercised to support a party's state law claims even if said party is not subject to a federal claim because "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties," so long as they form part of the same case and controversy. See Alvarez Torres, 308 F.Supp.2d 40-41. Since this is a federal question case arising under 28 U.S.C.A. § 1331, the court must exercise jurisdiction over parties even though said parties were not subject to a federal claim when said parties' claims form part of the same case and controversy and there exists at least one party with a federal claim remaining. Millan v. Hosp. San Pablo, 389 F. Supp. 2d 224, 237 (D.P.R. 2005). Because "pendent party jurisdiction" allows the prosecution of a non-federal civil claim related to the federal cause of action "if the claims involve a common nucleus of operative facts, a single proceeding to decide both seems eminently fair." Ponce Federal Bank v. The Vessel Lady Abby, 980 F.2d 57-58 (1stt Circ. 1992). The court thus shall retain supplemental pendent party jurisdiction over all state law claims asserted in the amended complaint.

Accordingly, the balance is tipped in favor of also exercising supplemental jurisdiction over DaSilva-Cuña's state law claims. To decide otherwise would require her to refile her state law claims in the Commonwealth court, thereby commencing a new proceeding that can otherwise be wholly resolved within this forum. This would, in turn, waste the court's, as well as the parties' time and resources. As such, Defendants' request to dismiss these state law claims is **DENIED.**

**Civil No. 12-1286 (DRD)**

### IV. Conclusion

For the reasons stated herein, and in absence of plain error, the court agrees *in toto* with the Magistrate Judge's Report and Recommendation and its well-reasoned and legally sound findings. As such, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's Report and Recommendation (Docket No. 53). In consequence, Defendants' Motion for Partial Summary Judgment (Docket No. 43) is hereby deemed **MOOT in part** and **DENIED in part**. Hence, all of Plaintiff's causes of action set forth in their amended complaint survive.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 31st day of March, 2015.

*s/ Daniel R. Domínguez*
DANIEL R. DOMÍNGUEZ
United States District Judge